IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| PATRICK COLLINS, INC.<br>Plaintiff,<br><br>v.<br><br>DOES 1 – 39,<br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 12-cv-00096-AW<br>*<br>*<br>*<br>* |

*****************************************************************************

## Memorandum Opinion

Plaintiff Patrick Collins, Inc. filed this action against 39 John Doe defendants for copyright infringement. Pending before the Court are motions by Does 2, 13, 14, and 23 to dismiss or sever for misjoinder and to quash the subpoena. *See* Doc. Nos. 10, 13, 15, 21. Additionally, on February 21, 2012, a motion to quash or modify the subpoena and motion to dismiss was filed by a John Doe who did not provide its Doe number or IP address. *See* Doc. No. 11. That motion is denied for the reasons stated in the Court's March 6, 2012 Order requiring that the Doe identify itself by number and IP address. Additionally, the Court has reviewed the motions by Does 2, 3, 14, and 23, and for the reasons set forth below, they are denied.

### I.  FACTUAL & PROCEDURAL BACKGROUND

On January 10, 2012, Plaintiff Patrick Collins, Inc. filed this Complaint against 39 John Doe Defendants alleging that Defendants used a file-sharing protocol called BitTorrent to illegally infringe Plaintiff's copyrights in a pornographic motion picture. Plaintiff claims to

know the Internet Protocol address ("IP address") of each infringing defendant, but not their real names, addresses, or other identifying information. The entity that possesses information linking an IP address to real identifying information is the Internet Service Provider ("ISP") for that IP address. ISPs, such as Comcast or Verizon, maintain temporary internal logs that record the date, time, and customer identity for each IP address serviced by that ISP. On January 12, 2012, the Court granted Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference, enabling Plaintiff to conduct limited discovery on the ISPs that service the allegedly infringing IP addresses so that Plaintiff can discover the identity of the defendants and serve them with process. *See* Doc. No. 6.

Since the Court's order permitting such discovery, the ISPs have provided their subscribers with notice of the subpoena. As a result, several John Does whose contact information has been subpoenaed have filed motions with the Court seeking to dismiss or sever for misjoinder and to quash the subpoena and prevent the ISPs from turning over their identifying information. *See* Doc. Nos. 10, 11, 13, 15, 21. Specifically, the Does contend that they are not properly joined under Federal Rule of Civil Procedure 21 and that the subpoena burdens and harasses them and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv).

### III. ANALYSIS

#### A. Motions to Dismiss or Sever for Misjoinder

Doe 13 contends that Defendants are not properly joined under Federal Rule of Civil Procedure 21 and that they should accordingly be dismissed or severed from the instant action. As an initial matter, the Court notes that there is a wealth of case law in other federal district

courts supporting joinder in similar cases. *See*, *e.g.*, *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 342-32 (D.D.C. 2011) (finding joinder proper in a similar case involving over 1,000 Doe Defendants); *Donkeyball Movie, LLC v. Does 1-171*, Civ. No. 10-1520(BAH), 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011) (same); *West Coast Prod., Inc. v. Does 1-5829*, Civ. No. 11-57(CKK), 2011 WL 2292239, at *5–*6 (D.D.C. Jun. 10, 2011) (same).

Courts have also found joinder inappropriate in similar cases, however, and a split has even developed within this district. *See Cinetel Films, Inc. v. Does 1–1,052*, Civ. No. JFM 8:11-cv-02438, 2012 WL 1142272, at *7 (D. Md. Apr. 4, 2012) (finding in a similar case involving over 1,000 Doe defendants that "the alleged infringement was committed by unrelated defendants, through independent actions, at different times and locations."); *see also Pac. Century Int'l, Ltd. v. Does 1-101*, No. C 11-02533 DMR, 2011 WL 2690142 (N.D. Cal. Jul 8, 2011) (severing all defendants but one due to lack of evidence that defendants were part of the same "swarm" in uploading the same initial files of a given work); *see also Patrick Collins v. Does 1-58*, No. 3:11-cv-531(JAG) (E.D. Va. Oct. 13, 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work—which occurred on different days and times over a span of two months—is insufficient to meet the standards to joinder set forth in Rule 20.").

Permissive joinder is governed by Federal Rule of Civil Procedure 20, which provides that:

> Persons … may be joined in one action as defendants if: (A) any right to relief is asserted  against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Many courts have determined that all "logically related" events underlying a legal cause of action are generally considered as comprising a transaction or occurrence. *See*, *e.g.*, *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The Court may sever improperly joined parties at any time, as long as the severance is on just terms and the entire action is not dismissed outright. Fed. R. Civ. P. 21. However, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties and joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Considering the two requirements for permissive joinder under Federal Rule 20(a)(2) as they apply to the instant action, the Court finds that at this procedural juncture, joinder of the putative Defendants is proper.

The first requirement of permissive joinder is that claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Doe 13 argues that Plaintiff is attempting to join several individuals without alleging any coordinated action between the Defendants or any right to relief that arises out of the same transaction. Additionally, Doe 13 argues that there is no alleged or implied relationship between Defendants and that the Complaint contains no allegation that any two Defendants acted in concert or otherwise conspired against Plaintiff.

These contentions largely ignore the allegations in the Complaint. Plaintiff alleges that each Defendant peer member participated in the same "swarm" of BitTorrent users that illegally uploaded and downloaded Plaintiff's copyrighted movie. *See* Compl. ¶¶ 32, 33. Additionally, Plaintiff contends that it has only sued Defendants in the exact same swarm, *i.e.*, Defendants who participated in downloading or transmitting the same unique version of Plaintiff's movie. *Id.* at ¶ 33. Plaintiff explains that such identification is possible through the use of forensic software

which identifies the Doe Defendants' IP Addresses as having a unique cryptographic "Hash Number" which serves as a digital footprint.  *See id.* ¶¶ 37, 38.

The Court acknowledges that this swarm involved possibly thousands of other online users from across the country.  Even though Plaintiff is suing only a small portion of the swarm, however, the Court finds that Plaintiff has sufficiently alleged that the putative Defendants used the same file-sharing device, in the same region, and within a roughly the same time period, to copy the same version of Plaintiff's movie.  Although the downloads in this case occurred over a span of around three months, suggesting that the Does were not downloading the copyrighted movie at the exact same time, Plaintiff has adequately alleged that each download directly facilitated the others in such a way that the entire series of transactions would have been different but for each of Defendants' infringements.  Additionally, Plaintiff has adequately alleged that, given the nature of BitTorrent, each Defendant may have continued seeding files to other Defendants after their initial download of the motion picture.  As such, Plaintiff has sufficiently shown a logical relationship between the series of individual downloads.  Although Defendants may be able to rebut these allegations once the Court becomes aware of their identities and individual defenses, at this stage Plaintiff has adequately satisfied the first prong of permissive joinder.

The second prong of the permissive joinder test, Federal Rule 20(a)(2)(B), requires that Plaintiff's claims against Defendants contain common questions of law or fact.  Plaintiff meets this requirement in the instant action because it asserts identical claims against the Doe Defendants.  Although Defendants will necessarily present different factual issues and legal defenses at a later stage in the litigation, the commonality of legal claims at this time supports joinder.  Additionally, the interests of judicial efficiency also weigh in favor of joining these

claims, and doing so may be more beneficial for the Doe Defendants. *See London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass. 2008) (finding that consolidating a group of similar cases "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised."). Moreover, joinder serves Plaintiff's interests by providing it with an effective tool to protect its motion picture from copyright infringement. Accordingly, the Court finds that joinder is proper and accordingly declines to sever or dismiss the Does on that basis.

> B. <u>Motions to Quash Subpoenas</u>

Additionally, Defendants seek to quash the subpoena issued to the ISPs seeking information about the Doe Defendants. Does 13, 14, and 23 contend that the subpoena burdens and harasses them and should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv). Rule 45 provides that pursuant to a timely motion, the issuing court must quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden." In the instant action, the Court permitted Plaintiff to serve subpoenas on ISPs so that Plaintiff may identify the Doe Defendants responsible for the alleged infringement. Such identification is necessary so that Plaintiff may pursue these actions and enforce its legal rights to distribute its pornographic motion picture by obtaining a remedy against infringers. Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require the Does to produce any information or otherwise respond. Accordingly, the Court denies Defendants' motions to quash the subpoena on this ground.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions are denied. A separate order will follow.


April 23, 2012                                                               /s/
      Date                                                  Alexander Williams, Jr.
                                                                                  United States District Judge